IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 05- 2 1 - SLF |
| | ) | |
| MOTIVA ENTERPRISES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its

attorneys (Edmond Falgowski, Assistant United States Attorney for the District of Delaware,

with the consent and knowledge of Richard G. Andrews, Acting United States Attorney for the

District of Delaware, and Mark W. Kotila and Epin H. Christensen, Senior Trial Attorney and

Trial Attorney for the Environmental Crimes Section of the Department of Justice, with the

consent and knowledge of Thomas L. Sansonetti, Assistant Attorney General of the Environment

and Natural Resources Division), and the defendant Motiva Enterprises LLC ("Motiva"), by and

through its attorney Eric Kraeutler, Esq., the following agreement is hereby entered into by the

respective parties:

### Charges and Waiver of Indictment

1.      The defendant agrees to waive indictment and enter pleas of guilty to three counts

of a criminal Information charging it with the following:

a.      Count One: knowingly causing the discharge of a pollutant from a point

source into a water of the United States, by knowingly causing insufficiently treated

wastewater containing sulfuric acid and other substances to discharge from its facility in

Delaware City, Delaware, into the Delaware River, a water of the United States, in violation of a National Pollutant Discharge Elimination System ("NPDES") permit and in violation of Title 33, United States Code, Section 1311 and 1319(c)(2)(A), and Title 18, United States Code, Section 2, which carries a maximum statutory penalty of a fine that is the greater of (i) not less than $5,000 nor more than $50,000 per day of violation, (ii) twice the gross gain or gross loss, or (iii) $500,000; a term of probation of five years; and a $400 special assessment.

      b.     Count Two: negligently releasing into the ambient air sulfuric acid, an extremely hazardous substance listed pursuant to Title 42, United States Code, Section 11002(a)(2) and, at the time of the release, negligently placing a person in imminent danger of death or serious bodily injury, in violation of Title 42, United States Code, Section 7413(c)(4), and Title 18, United States Code, Section 2, which carries a maximum statutory penalty of a fine of $200,000 or the greater of twice the gross gain or twice the gross loss; a term of probation of five years; and $125 special assessment.

      c.     Count Three: negligently causing the discharge of a pollutant from a point source into navigable waters of the United States, by negligently causing sulfuric acid and other substances to discharge from the acid tank farm into the Delaware River, a water of the United States, in violation of a NPDES permit and in violation of Title 33, United States Code, Sections 1311 and 1319(c)(1)(A), and Title 18, United States Code, Section 2, which carries a maximum statutory penalty of a fine that is the greater of (i) not less than $2,500 nor more than $25,000 per day of violation, (ii) twice the gross gain or twice the gross loss, or (iii) $200,000; a term of probation of five years; and a $125 special assessment.

2.      For Count One, the elements of the offense are as follows:

      a.      The defendant knowingly discharged

      b.      A pollutant

      c.      From a point source

      d.      Into a water of the United States

      e.      In violation of a NPDES permit.

3.      For Count Two, the elements of the offense are as follows:

      a.      The defendant

      b.      Negligently

      c.      Released

      d.      Into the ambient air

      e.      An extremely hazardous substance

      f.      And at the time of the release, the defendant thereby negligently

      g.      Placed another person in imminent danger of death or serious bodily

injury.

4.      For Count Three, the elements of the offense are as follows:

      a.      The defendant negligently discharged

      b.      A pollutant

      c.      From a point source

      d.      Into a water of the United States

      e.      In violation of a NPDES permit.

5.      The defendant agrees to file with the Court a certificate of a corporate resolution authorizing a Motiva official to act in behalf of the corporation. It is material to this agreement that the defendant admit truthfully to the Court exactly how it committed these offenses.

6.      As part of this plea agreement, the defendant understands and admits to the relevant conduct described in Attachment A to this plea agreement, which will also be encompassed in a pleading styled "Statement of Facts" and filed along with the Information in this case. The United States and the defendant agree that the Statement of Facts represents those facts that the United States could have proved beyond a reasonable doubt if this matter had gone to trial. The parties agree that said facts, as set forth in the Statement of Facts, are sufficient to support the defendant's convictions for Counts 1 through 3 of the Information, to which the defendant is pleading guilty.

### Penalties, Restitution, and Assessments

7.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and the defendant agree that a total fine in the amount of $10 million is appropriate and can be imposed pursuant to Title 18, United States Code, Section 3571(d). Interest will be charged on the unpaid balance of a fine amount not paid within fifteen days after the judgment date, pursuant to Title 18, United States Code, Section 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to Title 18, United States Code, Sections 3572(h), (i), and 3612(g).

8.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and the defendant agree that a term of probation of three years is appropriate under Title 18, United States Code, Sections 3553(a), 3561, and 3562. The defendant understands and agrees that the Court's decision regarding the condition(s) of probation is within the exclusive discretion of the

4

Court, and the Court's decision regarding the condition(s) of probation will not provide a basis for the defendant to attempt to withdraw from its guilty plea.

9. The parties agree that the United States will only consider any of the criminal violations specified in paragraph 18 to be a violation of probation. The determination of whether the violation fits within this category shall be within the reasonable discretion of the Government, and in making this determination, the Government will provide the defendant an opportunity to present its position to the United States Department of Justice, Environmental Crimes Section, and/or the United States Attorney's Office. The Government's position on whether a subsequent violation is an appropriate basis for a probation violation does not bind the United States Probation Office or the Court. Nothing herein shall prohibit the United States from proceeding administratively, civilly, or criminally against the defendant in any separate proceeding for any alleged environmental violation.

10. The parties understand that the defendant will request that it be sentenced immediately following entry and acceptance of its guilty plea. The United States does not object to an immediate sentencing. The defendant understands and agrees that the decision whether to sentence it immediately following entry and acceptance of the guilty plea is within the exclusive discretion of the Court, and the Court's decision not to sentence the defendant immediately will not provide a basis for the defendant to attempt to withdraw its guilty plea.

11. The defendant understands that the Court shall order restitution to any identifiable victims unless, pursuant to Title 18, United States Code, Sections 3663 and 3663A, the Court determines that restitution would be inappropriate in this case. Based on the defendant's representation that it has settled the claims of all identified individual victims, the United States will not seek a restitution order.

12.    The defendant agrees to pay the special assessments on or before the day of the sentencing hearing.

## Waiver of Constitutional and Statutory Rights

13.    The defendant represents to the Court that it is satisfied that its attorney has rendered effective assistance. The defendant understands that by pleading guilty in this case, it agrees to waive certain rights afforded by the Constitution of the United States, by statute or both, including but not limited to: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, the defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against it, to compel witnesses to appear and testify, to present other evidence in its behalf and to decide whether to testify. The defendant would further have the right to have the jury instructed that it is presumed innocent until proven guilty, and that the burden will be on the United States to prove the defendant's guilt beyond a reasonable doubt. If the defendant were found guilty after a trial, it would have the right to appeal the conviction.

## Scope of Agreement

14.    Other than the offenses to which the defendant agrees to plead guilty pursuant to this agreement, the United States agrees not to charge the defendant for any additional offenses known to the Government at the time of this Agreement that are based upon evidence in the Government's possession at this time or that arise out of the conduct giving rise to this investigation. The defendant understands that this plea agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any remedies available to the United States under Title 31, United States Code, Section 3729 *et seq.*, or any other civil or administrative remedies, including suspension and debarment, available to

6

the United States by law. In the event that any other local, state or federal enforcement agency investigates conduct related to this plea agreement, the Government agrees to advise such agency of the terms of this agreement and the nature and extent of the defendant's cooperation under this agreement.

Reservation of Allocution

15.     The United States reserves its full right of allocution for purposes of sentencing in this matter, subject to the terms of this plea agreement. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the defendant's misconduct, including misconduct not described in the charges to which the defendant is pleading guilty. The United States also reserves the right to inform any presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in any presentence report, and to contest any matters not provided for in this plea agreement.

16.     The defendant also understands that the United States retains its full right of allocution in connection with any post-sentence motion that may be filed in this matter. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

17.     The United States and the defendant agree that the United States will be free to use against the defendant for any purpose at the sentencing in this case any self-incriminating information provided by the defendant, or employees of the defendant, pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement,

7

regardless of whether those debriefings were previously covered by an "off the record" agreement with employees of the defendant.

## Breach of Agreement

18.     The defendant understands and agrees that if it fails specifically to perform or to fulfill completely each and every one of its obligations under this plea agreement, or commits any environmental or occupational safety crimes relating to its refinery operations (excluding Class C misdemeanors and infractions, as defined by 18 U.S.C. § 3559), it will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be subject fully to criminal prosecution for any other crimes which it has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding all statements made by the defendant's employees, except to the extent that any employee's individual rights might prohibit such use, and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including the defendant's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

19.     The defendant acknowledges discussing with its counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the defendant understands and agrees that any

8

statements which are made in the course of its guilty plea or in connection with its cooperation pursuant to this plea agreement will be admissible against it for any purpose in any criminal or civil proceeding if it breaches this plea agreement or its guilty plea is subsequently withdrawn. Moreover, in the event its guilty plea is withdrawn, the defendant agrees that the United States will be free to use against it in any criminal or civil proceeding any statements made during the course of any debriefings conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

20.     In the event that this Agreement is not accepted by the Court for any reason or the defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (a) six months following the non-acceptance of the Plea Agreement by the Court; or (b) six months following the date on which a breach of the Plea Agreement by the defendant is found by the Court.

21.     The defendant understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence.

22.     Nothing in this agreement shall be construed to permit the defendant's employees to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this agreement or committed by the defendant after the execution of this agreement. The defendant understands and agrees that the United States reserves the right to prosecute it for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice by its employees relating to the defendant's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

9

<u>Prosecution by Other Agencies/Jurisdictions</u>

23.    This agreement only binds the United States Attorney's Office for the District of Delaware and the Department of Justice Environmental Crimes Section. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Environmental Protection Agency; or any state or local prosecutor. These individuals and agencies remain free to prosecute the defendant for any offense(s) committed within their respective jurisdictions.

<u>No Other Agreements</u>

24.    The parties agree that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to and after this Memorandum are null and void and have no effect whatsoever unless they comport with the subsequent written modification requirements of this paragraph.

RICHARD G. ANDREWS
Acting United States Attorney

_____    By: _____
Eric Kraeutler, Esq.                      Edmond Falgowski
Attorney for Defendant Motiva             Assistant United States Attorney

_____
William Welte                             THOMAS SANSONETTI
President and CEO, Motiva                 Assistant Attorney General

By: _____

Mark Kotila
Senior Trial Attorney
Environmental Crimes Section

Epin Christensen
Trial Attorney
Environmental Crimes Section

Dated: 3 - 16 - 05

AND NOW, this 14th day of ~~February~~ March, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
United States District Judge

11